FILED

2022 Sep-19  PM 04:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHEN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| **BARBARA CARPENTER, an individual,** ) | |
| ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| ) | |
| **v.** ) | |
| ) | |
| ) | |
| ) | **CASE NO.:** _____ |
| ) | |
| ) | |
| ) | |
| **JAMES HENRY DICKERSON, an individual, EAGLE TRUCK LINES, INC., a corporation;** ) | |
| ) | |
| ) | |
| ) | |
| **"A", "B" and "C", whether singular or plural, the person, firm, corporation, partnership, LLC, or other entity owning the vehicle which struck the motor vehicle operated by Plaintiff BARBARA CARPENTER on the occasion made the basis of this suit; "D", "E" and "F", whether singular or plural, the person, firm, corporation, partnership, or other entity on whose behalf the vehicle was being operated by an underinsured motorist, on the occasion made the basis of this suit; "G", "H" and "I", being the driver** ) | |

of the motor vehicle which struck )
the motor vehicle operated by )
Plaintiff            BARBARA )
CARPENTER   on the occasion )
made the basis of this suit; "J", )
"K" and "L", whether singular or )
plural, being the person, firm, )
corporation, partnership, or other )
entity which       insured       the )
vehicle driven and/or owned by the )
aforementioned            fictitious )
Defendants         and/or        the )
underinsured   motorist,   which )
struck the vehicle operated by )
Plaintiff            BARBARA )
CARPENTER   on the occasion )
made the basis of this lawsuit. )
Plaintiffs aver that the identity of )
the fictitious party Defendants is )
otherwise unknown to Plaintiffs at )
this time, or if their names are )
known to Plaintiffs, their identity )
as proper party Defendants is not )
known to Plaintiffs at this time, but )
their true names and identities will )
be substituted by amendment when )
ascertained,

       Defendants.

## PLAINTIFF'S COMPLAINT

## PARTIES

1. Plaintiff, BARBARA CARPENTER , is an individual resident citizen of the

   State of Alabama and is over the age of nineteen (19) years of age.

2. Defendant, JAMES HENRY DICKERSON, is an individual over the age of nineteen (19) and upon information and belief, is a resident citizen of the state of Mississippi.

3. Defendant EAGLE TRUCKLINES, INC. is a Texas corporation with its principal place of business in Southlake, Texas.

4. Fictitious Defendants A, B, and C, whether singular or plural, is the person, firm, corporation, partnership, or other entity owning the vehicle which caused the collision with the vehicle Plaintiff BARBARA CARPENTER was operating, on the occasion complained of in this lawsuit.

5. Fictitious Defendants D, E, and F, whether singular or plural, is the person, firm, corporation, partnership, or other entity on whose behalf the vehicle was being operated by the underinsured motorist, on the occasion made the basis of this lawsuit.

6. Fictitious Defendants G, H, and I, is the driver of the motor vehicle which caused the collision with the vehicle Plaintiff BARBARA CARPENTER on the occasion made the basis of this lawsuit.

7. Fictitious Defendants J, K and L whether singular or plural, is the person, firm, corporation, partnership, or other entity which insured the vehicle driven and/or owned by fictitious Defendants and/or the underinsured motorist,

which caused the collision with the vehicle Plaintiff BARBARA CARPENTER was operating on the occasion made the basis of this lawsuit.

## JURISDICTION AND VENUE

8. The amount in controversy exceeds $75,000.00.

9. The collision made the basis of this lawsuit occurred in Tuscaloosa County, Alabama, which is located in the Northern District of Alabama, Western Division.

10. Complete diversity exists between the parties.

## FACTS

11. On or about the 24th day of June, 2021 Plaintiff BARBARA CARPENTER was driving her 2001 Toyota Sequoia and was traveling northbound on Interstate 59 in Tuscaloosa County, Tuscaloosa, Alabama.

12. At the same time, Defendant JAMES HENRY DICKERSON, who was operating a tractor trailer on behalf Defendant EAGLE TRUCKLINES, INC., was also traveling northbound Interstate 59 in Tuscaloosa County, Tuscaloosa, Alabama.

13. As Plaintiff, BARBARA CARPENTER was lawfully driving her vehicle she was struck in the rear by Defendant JAMES HENRY DICKERSON.

14. Defendant JAMES HENRY DICKERSON told the responding officer that he did not see the Plaintiff's vehicle prior to striking her in the rear while

traveling interstate speeds.  However, the investigating trooper noted that the taillights on the Plaintiff's vehicle were operating properly.

15. As a proximate consequence of Defendants' negligent and/or wanton conduct, Plaintiff suffered physical injuries as set forth below.

## COUNT ONE - NEGLIGENCE

16. Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

17. At the aforesaid time and place, Defendant JAMES HENRY DICKERSON was negligent in the operation of the commercial motor vehicle he was driving and said negligence caused a collision between his vehicle and the vehicle occupied by the Plaintiff.

18. As a result of the acts and/or omissions of the above-described Defendant, Plaintiff BARBARA CARPENTER was injured and damaged as  follows:

   a. She suffered injuries to various portions of her body, including, but not limited to her low back and neck.
   b. She has experienced and continues to experience pain and suffering;
   c. She is reasonably certain to experience pain and suffering into the future;
   d. She has experienced and continues to experience mental anguish;
   e. She is reasonably certain to experience mental anguish in the future;
   f. She was knocked, shocked, bruised and contused over various portions of her body;
   g. She was permanently injured, disfigured and damaged;
   h. She was caused to incur personal injury medical expenses for treatment from various doctors, physicians and hospitals;
   i. She was caused to incur out-of-pocket medical expenses;
   j. She is reasonably certain to incur personal injury medical expenses in

the future; and

k. She was caused to suffer both past and future lost wages, loss of income, loss of earnings capacity, and lost employment benefits.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for general and compensatory damages as well as special and punitive damages that the court may determine together with interest from the date of the injury plus the costs of this action.

## COUNT TWO - WANTONNESS

19. Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

20. At the aforesaid time and place, Defendant JAMES HENRY DICKERSON was wanton in his operation of the subject commercial motor vehicle, as the result of failing to stop at a lawfully required stop sign with knowledge that he was approaching an intersection.  Said wantonness caused a collision between his vehicle and the vehicle occupied by Plaintiff.

21. As a proximate consequence of the wantonness of Defendants, and/or fictitious defendants, Plaintiff was injured and damaged as set forth in paragraph eighteen (18).

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date

of the injury plus the costs of this action.

## COUNT THREE – RESPONDEAT SUPERIOR

22.    Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

23.    At the time and place of the incident made the basis of this suit, Defendant JAMES HENRY DICKERSON was operating a commercial motor vehicle in the line and scope of his employment for Defendant EAGLE TRUCKLINES, INC.   As such, Defendant JAMES HENRY DICKERSON was an agent and/or employee of Defendant EAGLE TRUCKLINES, INC.   Defendant EAGLE TRUCKLINES, INC. was the master or principal of Defendant JAMES HENRY DICKERSON and is vicariously liable for his actions.   Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT FOUR– NEGLIGENT/WANTON HIRING, TRAINING, SUPERVISION AND RETENTION

24.Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

25.    At the time of the occasion made the basis of this lawsuit, and for some

time prior thereto, Defendant EAGLE TRUCKLINES, INC.   was responsible for the hiring, training, supervising, and retention of Defendant JAMES HENRY DICKERSON.   Defendant EAGLE TRUCKLINES, INC.   negligently and/or wantonly failed to hire, train, supervise, and retain Defendant JAMES HENRY DICKERSON.   Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT FIVE – NEGLIGENT/WANTON ENTRUSTMENT

26. Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

27. At the time of the accident made the basis of this Complaint, Defendant EAGLE TRUCKLINES, INC.   was the owner of, and had the right of control over the use of the commercial vehicle driven by Defendant JAMES HENRY DICKERSON. Defendant EAGLE TRUCKLINES, INC.   negligently and/or wantonly entrusted said vehicle to Defendant JAMES HENRY DICKERSON who negligently and/or wantonly operated said vehicle injuring the Plaintiff.   Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described

herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**

Respectfully Submitted,

Sara L. Williams (ASB-3340-S56W)
Attorney for Plaintiff

**OF COUNSEL**
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, Alabama 35222
Phone:          (205) 983-8140
Facsimile:      (205) 983-8440
Email:          swilliams@asilpc.com

Plaintiff's Address:
Barbara Carpenter
c/o Sara L. Williams
Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222

## **DEFENDANT TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:**

**James Henry Dickerson**
**11890 Road 743**
**Philadelphia, MS 39350**

**Eagle Trucklines, Inc.**
**c/o Gurinder Chouhan**
**180 State Street, Suite 225**
**Southlake, TX 76092**